UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY GOLLIDAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV00876 DJS (AGF) |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Jimmy Golliday's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed without prejudice. Additionally, Petitioner has moved the Court for discovery under Rule 6 of the Rules Governing § 2254 Cases. The motion will be denied.

**BACKGROUND**

On September 9, 2005, the Missouri Board of Probation and Parole issued a warrant for petitioner's arrest on the grounds that he had violated the conditions of his parole. Resp. Ex. A. At that time, petitioner was detained in the Madison County, Illinois, jail on other charges. Resp. Ex. B. Petitioner was being supervised in the State of Illinois pursuant to the Interstate Compact Agreement. Id.; Resp. Ex. E at 2. The

Illinois parole officer was notified of the warrant on September 19, 2005. Resp. Ex. C.

A preliminary revocation hearing was scheduled for November 1, 2005, in the Madison County Jail. Resp. Ex. D at 3. Whether Petitioner waived his right to the preliminary hearing is a matter of dispute between the parties. Respondent has introduced a "Parole Violation Report," in which Petitioner's initials appear next to the option, "Waive (Adult Interstate Compact Only): I admit my guilt and waive my preliminary hearing." Resp. Ex. D at 3. Petitioner has refuted the authenticity of the initials and has introduced a copy of the same document in which his initials do not appear next to the option waiving a hearing and admitting guilt. Pet. Ex. A. Petitioner's copy of the Parole Violation Report is the subject of his motion for discovery. However, for the reasons stated below, the issue of whether Petitioner waived his right to a preliminary hearing is not dispositive to the outcome of this case. As a result, the Court will deny Petitioner's motion for discovery as moot.

The Board held a revocation hearing on July 19, 2006, and it revoked Petitioner's parole on July 21, 2006. Resp. Ex. F at 1. Petitioner did not seek relief from the Board's decision in any state court proceeding before bringing this federal habeas action.

Before the Court are Petitioner's petition for writ of habeas corpus and Respondent's answer to the petition. According to the terms of the Case Management Order entered on May 3, 2007, Petitioner had until July 2, 2007, to file his reply to the answer. Petitioner has not timely filed a reply. Consequently, Petitioner has waived his right to file a reply, and the undersigned will consider the case as it is currently briefed.

See Rule 5(e) of the Rules Governing § 2254 Cases.

## GROUNDS FOR RELIEF

Petitioner raises two grounds for relief. First, that his right to procedural due process was violated because he was denied a preliminary hearing in Missouri to determine whether the charges against him were valid. Second, that he was denied his Sixth Amendment right to counsel. Respondent argues that the petition should be denied because Petitioner has not exhausted his state remedies, and because his claims fail on the merits.

## DISCUSSION

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

It is apparent on the face of the petition that Petitioner has not sought review of the Board's decision to revoke his parole in any state court proceeding. Consequently, the Court may only grant the writ if there are no available state remedies or if circumstances exist that would render such process ineffective.

Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for

habeas corpus, or by filing a petition for writ of mandamus.  <u>Wayne v. Mo. Bd. of Prob. & Parole</u>, 83 F.3d 994, 996-97 (8th Cir. 1996).  Petitioner has not availed himself of any of these potential remedies.  Nor has Petitioner alleged that circumstances exist that render these potential remedies ineffective to protect his rights.  As a result, the undersigned recommends that the petition be dismissed without prejudice for failure to exhaust available state remedies.

Regardless of whether Petitioner has exhausted his available state remedies, the Court may deny the petition on the merits if such denial is warranted.  28 U.S.C. § 2254(b)(2).  Respondent argues that denial on the merits is warranted because Petitioner waived his right to a preliminary hearing and that the waiver undercuts Petitioner's arguments that he is entitled to relief.  As stated above, however, there is conflicting evidence regarding whether or not Petitioner waived his right to a preliminary hearing.  The Court need not reach this issue because it is clear that the petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(1).  Consequently, the undersigned makes no findings or recommendations regarding the merits of the petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for discovery [Doc. #10] is **DENIED**.

**IT IS HEREBY RECOMMENDED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed, without prejudice, for failure to

exhaust available state remedies. 28 U.S.C. § 2254(b)(1).

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue.

The parties are advised that they have ten (10) days to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of August, 2007.